# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEIL PAL, <br><br> Petitioner, <br><br> v. <br><br> SUPERINTENDENT, STATE CORRECTIONAL INSTITUTION AT GREENE, DISTRICT ATTORNEY OF LACKAWANNA COUNTY, PENNSYLVANIA and ATTORNEY GENERAL OF PENNSYLVANIA, <br><br> Respondents. | Civil Action No. 2:19-cv-01091-NR-CRE <br><br> Hon. J. Nicholas Ranjan, <br> United States District Judge |

**MEMORANDUM ORDER**

On August 28, 2019, the above captioned case was initiated by the filing of a Petition for Writ of Habeas Corpus (ECF No. 1) and was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court for Magistrate Judges.

The magistrate judge filed a Report and Recommendation on August 29, 2019 (ECF No. 2) recommending that the Petition for Writ of Habeas Corpus be transferred to the United States District Court for the Middle District of Pennsylvania because that is the District wherein the state court conviction of Petitioner, Mr. Neil Pal, was obtained. As such, the Middle District of Pennsylvania is the proper venue for litigation of the underlying allegations of Mr. Pal.

Mr. Pal filed timely objections to the Report and Recommendation (ECF No. 3). Where, as here, timely objections have been filed, the Court is required to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The district court may accept,

reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions.

28 U.S.C. § 2241(d) clearly provides that when a state prisoner files an application for writ of habeas corpus in a state that contains two or more federal district courts, the prisoner may file in either the district court for the district where he is in custody or the district court for the district where the conviction and sentencing occurred. However, the district court that entertains the application "in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." 28 U.S.C. § 2241(d). In evaluating whether to transfer, the court should weigh "traditional venue considerations," including "where all of the material events took place," where "records and witnesses pertinent to petitioner's claim are likely to be found," and the convenience of the parties. *Braden v. 30th Judicial District*, 410 U.S. 484, 493-94 (1973). Further, "[i]t has been the general practice of the federal district courts in Pennsylvania to transfer habeas corpus petitions to the federal district court where the Court of Common Pleas is located that conducted the underlying criminal trial of the petitioner." *Aponte v. Coleman*, 2011 WL 4368376, at *2 (W.D. Pa. Aug. 22, 2011), adopted by, 2011 WL 4368682 (W.D. Pa. Sept. 19, 2011); *Nightingale v. Vincent*, No. Civ.A. 08–95J, 2008 WL 1943427, at *2 (W.D. Pa. May 2, 2008) ("Moreover, the federal district courts in the three separate districts in the Commonwealth of Pennsylvania all follow the uniform practice of transferring habeas petitions filed by persons incarcerated within their districts to the district which encompasses the county in which the petitioner was convicted.").

In this case, Mr. Pal was convicted in the Lackawanna County Court of Common Pleas, which is located within the Middle District of Pennsylvania. The records of conviction, transcripts of proceedings, and witnesses are presumably located within the Middle District of

Pennsylvania. Most Respondents,[1] and even Mr. Pal's counsel,[2] are located within the Middle District of Pennsylvania. Further, there is no indication that the transfer of this action would result in any substantial delay or prejudice to Mr. Pal. *See Garcia v. Pugh*, 948 F. Supp. 20, 23 (E.D. Pa. 1996). Consequently, the traditional venue considerations indicate that this matter should be transferred to the Middle District of Pennsylvania.

Contrary to the objections raised by Mr. Pal, this Court has not adopted a policy *automatically* transferring habeas cases to the jurisdiction in which the state prisoner was convicted and sentenced. Rather, this Court has in the past (as well as in this case) conducted an independent analysis and finds that the convenience of the parties and interest of justice indicates a transfer. The only objection Mr. Pal raises with respect to the interest of justice is that his "highly publicized" murder trial took place in Scranton, which is situated in the Middle District of Pennsylvania. Mr. Pal's trial, however, occurred in June 2014, and he has not provided any evidence to suggest that the Middle District of Pennsylvania could not fairly or impartially preside over habeas proceedings occurring over five years later.

Therefore, while the Court has given thoughtful consideration to Mr. Pal's objections, it agrees with the Report and Recommendation. Based on an analysis of the venue considerations specific to this case, the case should be transferred to the federal district court where the Court of Common Pleas is located that conducted Mr. Pal's underlying criminal trial. Therefore, Mr. Pal's objections are denied.

After *de novo* review of the pleadings and documents in this case, together with the Report and Recommendation and objections thereto, the following order is entered:

---

[1] Indeed, the District Attorney of Lackawanna County is clearly located in the Middle District of Pennsylvania as well as the Attorney General of Pennsylvania, who is seated in Harrisburg.

AND NOW, this  13th  day of    September    2019:

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus be **TRANSFERRED forthwith** to the United States District Court for the Middle District of Pennsylvania, the situs of Mr. Pal's state court criminal trial.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 2) is **ADOPTED** as the Opinion of the Court along with this Memorandum Order.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

/s/ J. Nicholas Ranjan<br>
United States District Judge

---

[2] The signature block of Mr. Pal's counsel reveals that he is located in Lemoyne, which is also situated in the Middle District of Pennsylvania.